# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1364-16T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOSEPH COOKE,

     Defendant-Appellant.

_____

Argued October 31, 2018 – Decided January 10, 2019

Before Judges Accurso and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 98-01-0108.

Adam W. Toraya, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Adam W. Toraya, on the brief).

William P. Miller, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Dennis Calo, Acting Bergen County Prosecutor, attorney; William P. Miller, of counsel and on the brief; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Following a jury verdict acquitting defendant Joseph Cooke of all counts except second-degree aggravated sexual assault, N.J.S.A. 2C:14-2(c)(2), he was sentenced on January 28, 2000 to a probationary term.[1] He now appeals from a Law Division order denying his third petition[2] for post-conviction relief (PCR), claiming:

> POINT I
>
> THE PCR COURT'S ORDER SHOULD BE REVERSED AND THE DEFENDANT'S CONVICTION VACATED BECAUSE TRIAL COUNSEL FAILED TO CALL ANITA HARRIS AS A WITNESS AT TRIAL.
>
> A. THE COURT ERRED IN FAILING TO FIND THAT TRIAL COUNSEL'S PERFORMANCE WAS DEFICIENT.
>
> B. THE COURT ERRED IN FAILING TO FIND PREJUDICE WHEN HARRIS NEVER TESTIFIED ABOUT THE PARTIES['] RELATIONSHIP.

---

[1] Pursuant to our remand on direct appeal, defendant was resentenced to a State prison term in June 2002; considering that sentence as an appeal pursuant to Rule 2:9-11, we affirmed subject to technical adjustments to the judgment of conviction. State v. Cooke (Cooke II), A-6729-01 (App. Div. Feb. 10, 2003).

[2] The PCR judge considered this as defendant's fourth PCR, counting the pro se petition which was amended by this one as defendant's third. The distinction is of no moment because Rule 3:22-12(a)(2) pertains to a second or subsequent petition.

A-1364-16T2

POINT II

THE COURT MISAPPLIED ITS DISCRETION IN APPLYING R. 3:22-12 AS A PROCEDURAL BAR AGAINST THE DEFENDANT'S FILING FOR POST-CONVICTION RELIEF IN THIS CASE.

In support of defendant's argument that trial counsel was ineffective for failing to call Anita Harris as a trial witness to buttress his consent defense, defendant's PCR counsel for this third petition certified he found trial counsel's request for an investigation and a concomitant investigation report in the regional trial file. The investigation report, defendant contends, "shows that Harris did tell the investigator that [d]efendant had discussed with her the ongoing relationship [d]efendant had with" the victim prior to alleged crime.

We affirm because defendant's petition was time-barred under Rule 3:22-12(a)(2) and otherwise lacks merit.

We set forth the facts underlying defendant's conviction in our decision on defendant's direct appeal, State v. Cooke (Cooke I), 345 N.J. Super. 480 (App. Div. 2001), and will not repeat them here except as necessary. We briefly review the apposite procedural history.

Defendant's first PCR petition, filed in March 2001, was denied without an evidentiary hearing, and defendant appealed. We reversed and remanded the matter for an evidentiary hearing regarding the veracity of defendant's claims of

juror taint. In considering his claim that his trial counsel was ineffective because she failed to call "crucial witnesses," we noted our concern, in light of defendant's consent defense, about "defendant's claim that he was precluded from calling Anita Harris as a witness to testify to her alleged knowledge as to defendant's prior relationship with the victim," and did "not foreclose exploration of [that] topic at the evidentiary hearing."[3] State v. Cooke (Cooke III), A-4265-04 (App. Div. June 27, 2006) (slip op. at 10).

Following an evidentiary hearing, the remand-PCR court denied defendant's petition in a November 27, 2006 order. In affirming the denial, we considered defendant's argument that the remand-PCR court erred by denying the petition even though Ms. Harris's[4] evidentiary-hearing testimony, together

---

[3] Defendant, in an undated "certification" notarized on May 21, 2004, in support of his first PCR petition, maintained:

> Ms. Harris had probative and factual testimony regarding my prior relationship and background with [the victim] prior to the alleged incident. Incredibly, although my trial attorney asked me to have [Ms. Harris and other witnesses who could have testified as to his character] appear in [c]ourt so they could testify, my trial attorney did not call a single witness at trial on my behalf.

[4] Ms. Harris had remarried after defendant's trial and we honored her preference to be called Uhles. State v. Cooke (Cooke IV), A-4614-06 (App. Div. Feb. 23,

with that of defendant and his trial counsel, established ineffective assistance of counsel grounded, in part, on counsel's failure to call Harris as a witness in support of his consent defense. Cooke IV, (slip op. at 14). We noted the record disclosed "defendant's allegation of the existence of a prior relationship with the victim, known to [Harris], but unexplored at trial." Id. at 14. We declined to disturb the remand-PCR court's finding that "defendant, and by inference [Harris], were not credible" in light of evidence adduced during the hearing of defendant's statement to police on the day of his arrest in which he denied any relationship with the victim – "a statement that defendant sought to repudiate at the PCR hearing." Ibid. We concluded that "factual contradiction, together with defendant's varying descriptions [of an incident regarding alleged juror taint – another ground explored at the hearing –] provide[d] a solid foundation" for the court's credibility findings. Ibid.

Defendant filed a second PCR petition in May 2013 which was denied under Rule 3:22-4(b) without an evidentiary hearing. No appeal was filed.

Defendant filed the pro se petition that is the subject of this appeal on March 13, 2015; appointed counsel filed an amended petition on May 31, 2016.

---

2010) (slip op. at 8 n.3). We refer to her as Harris only to avoid confusion; we mean no disrespect.

We agree with the PCR judge that defendant's petition is time-barred under Rule 3:22-12(a)(2) which provides that a second or subsequent PCR petition is untimely when filed more than one year after the latest date of: (A) a newly asserted constitutional right was recognized and made retroactive; (B) a newly discovered factual predicate was discovered, if it "could not have been discovered earlier through reasonable diligence"; or (C) a prior PCR petition was denied because PCR counsel was allegedly ineffective. Rule 3:22-12(a)(2) imposes strict time limitations on the filing of second or subsequent PCR petitions. "[E]nlargement of Rule 3:22-12's time limits 'is absolutely prohibited.'" State v. Jackson, 454 N.J. Super. 284, 292 (App. Div. 2018) (quoting Aujero v. Cirelli, 110 N.J. 566, 577 (1988)). Indeed, Rule 3:22-4(b) requires the dismissal of a second PCR petition if untimely as defined under Rule 3:22-12(a)(2).

Defendant's present petition – his third – was filed over sixteen years after he was originally sentenced, over twelve years after his certification in support of his first petition asserted that his trial counsel was ineffective for failing to call Harris because she knew of his prior relationship with the victim, and almost ten years after Harris testified at the evidentiary hearing about that knowledge and the court's denial of that PCR petition after remand. The evidence he now

6

claims is newly discovered had been known to him, asserted as PCR grounds, and rejected after the evidentiary hearing following our remand of his first petition. As the PCR judge found in ruling on this third petition, "[t]his 'new evidence' is really not new evidence." Defendant raised this issue regarding Harris's testimony, not only as a character witness, but as a fact witness, before. The PCR judge correctly dismissed the present petition as time-barred.

We do not reach the merits of defendant's remaining arguments because his third PCR petition was untimely under Rule 3:22-12(a)(2), and must be dismissed pursuant to Rule 3:22-4(b)(1). We note the PCR judge concluded defendant met neither prong of the Strickland-Fritz standard to establish trial counsel's ineffectiveness.[5] The judge found that Harris had no knowledge of defendant's relationship with the victim save for hearsay related to her by defendant, and that she observed them together only on one occasion. In finding defendant failed to show that counsel's ineffectiveness prejudiced his case, the judge recognized, as did the remand-PCR court after the evidentiary hearing, that Harris's potential testimony would have been undermined by, and would

---

[5] To prevail on a claim of ineffective assistance, a defendant must satisfy the two-part test established by Strickland v. Washington, 466 U.S. 668 (1984) and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). The defendant must show that his attorney's performance was deficient and that the "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.

7

have contradicted, defendant's statement to the police that he did not know the victim.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1364-16T2